IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| JON S. STEIDL and DENISE A. STEIDL, | § § § | |
| Plaintiffs, | § § § | |
| v. | § § | CIVIL ACTION NO. H-12-3324 |
| BSI FINANCIAL SERVICES, for and on behalf of NEWBURY PLACE REO, III, LLC, and WELLS FARGO BANK, N.A., | § § § § § | |
| Defendants. | § § | |

## ORDER

On March 26, 2013, the court entered a Memorandum Opinion and Order (Docket Entry No. 13) granting defendant Wells Fargo Bank, N.A.'s Second Motion to Dismiss for Failure to State a Claim (Docket Entry No. 10). The court also ordered plaintiffs to file an amended complaint against defendant BSI Financial Services ("BSI") alleging facts capable of stating a claim for relief against that defendant. On April 6, 2013, plaintiffs filed a Second Amended Original Petition, Application for Temporary Restraining Order and Temporary Injunction against defendants BSI Financial Services, Inc. and Wells Fargo Bank, N.A. (Docket Entry No. 14) even though the court had granted Wells Fargo's Motion to Dismiss and had not given plaintiffs permission to file another complaint against Wells Fargo. The only differences between

Plaintiffs' Second Amended Original Petition, Application for Temporary Restraining Order and Temporary Injunction filed on April 6, 2013 (Docket Entry No. 14), and Plaintiffs' Second Amended Original Petition, Application for Temporary Restraining Order and Temporary Injunction filed on January 18, 2013 (Docket Entry No. 9), are the allegations in paragraphs 33, 36, and 39 of the April 6, 2013, petition that BSI is vicariously liable for the acts of Wells Fargo.

On April 22, 2013, Wells Fargo filed a Third Motion to Dismiss for Failure to State a Claim (Docket Entry No. 16). Wells Fargo argues that Plaintiffs' Second Amended Original Petition filed on April 6, 2013, contains the same allegations that the court previously dismissed. Plaintiffs have not responded to Wells Fargo's Third Motion to Dismiss. On April 18, 2013, BSI filed a Motion to Strike, or in the Alternative, Motion for Judgment on the Pleadings (Docket Entry No. 15). BSI argues that since the court previously granted Wells Fargo's motion to dismiss the plaintiffs' claims against Wells Fargo, BSI could not be vicariously liable for those claims. Plaintiffs have not responded to BSI's motion.

For the reasons stated in the court's Memorandum Opinion and Order entered on March 26, 2013, plaintiffs have failed to state a claim against Wells Fargo. Accordingly, Wells Fargo Bank, NA's Third Motion to Dismiss for Failure to State a Claim (Docket Entry No. 16) is **GRANTED**. Since Plaintiffs' Second Amended Original

Petition filed on April 6, 2013, fails to state a claim against Wells Fargo, it also fails to state a claim for vicarious liability against BSI. Moreover, Plaintiffs' Second Amended Original Petition filed on April 6, 2013, fails to allege any facts explaining how BSI could be vicariously liable for the alleged fraud, negligent misrepresentation, or promissory estoppel of Wells Fargo. Accordingly, BSI Financial Services' Motion for Judgment on the Pleadings (Docket Entry No. 15) is **GRANTED**. BSI financial Services' Motion to Strike (Docket Entry No. 15) is **DENIED AS MOOT**.

**SIGNED** at Houston, Texas, on this the 24th day of May, 2013.

_____
SIM LAKE
UNITED STATES DISTRICT JUDGE